IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00082-BNB

TERRELE BOYCE,

      Applicant,

v.

TOM CLEMENTS, Executive Director for Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Terrele Boyce, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County  Correctional Facility in Olney Springs, Colorado.  On January 12, 2012, Mr. Boyce filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Denver District Court Case No. 05CR2628.  ECF No. 1 is an example of the convention the Court will use throughout this order to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). Mr. Boyce has paid the $5.00 filing fee in a habeas corpus action.

      On February 24, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 22, 2012, Respondents submitted their pre-answer

response (ECF No. 12).  Mr. Boyce has not filed a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe Mr. Boyce's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Boyce alleges that he was convicted by a jury in Denver District Court Case No. 05CR2628 on charges of first-degree assault, and sentenced to twenty-four years in prison plus five years of mandatory parole.  On April 1, 2010, the Colorado Court of Appeals affirmed his conviction on direct appeal.  *See* ECF No. 12, ex. B (*People v. Boyce*, No. 06CA0564 (Colo. Ct. App. Apr. 1, 2010)).  On August 9, 2010, the Colorado Supreme Court denied certiorari review.

On December 30, 2010, Mr. Boyce filed a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure in the trial court, which denied the motion without a hearing on January 7, 2011.  *See* ECF No. 1 at 4; *see also* ECF No. 12, ex. A at 4.  Mr. Boyce did not appeal from the denial of the motion.  On January 12, 2012, Mr. Boyce filed the instant habeas corpus application.  He asserts three claims:

>    (1)  The state court's ruling denying his motion to suppress evidence violated his right to be free from unreasonable searches and seizures.

>    (2) The state court's ruling limiting his cross-examination of the victim violated his right to confrontation.

2

(3) His right to due process was violated because the evidence at trial was insufficient to disprove beyond a reasonable doubt the affirmative defense of self-defense and provocation, as required to secure a conviction under Colorado law.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Boyce's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Boyce's direct appeal of his criminal conviction on August 9, 2010.  Mr. Boyce did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety days later, on Sunday, November 7, 2010, although the one-year limitation was continued until the next business day, or Monday, November 8, 2010,  when the time in which he could have petitioned for review in the United States Supreme Court expired.  *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  The one-year limitations period for purposes of § 2244(d) began to run on the next day, November 9, 2010, unless Mr. Boyce filed a state postconviction motion that tolled the statute.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitations period commences the day after expiration of the time for seeking review) .

The Court next must determine whether Mr. Boyce's state court postconviction motion tolled the one-year limitation period.  Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  The issue of whether a postconviction motion is pending is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

4

Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 52 days from November 8, 2010, when Mr. Boyce's conviction became final, until December 30, 2010, when Mr. Boyce filed his Colo. R. Crim. P. 35(b) postconviction motion, which the trial court denied on January 7, 2011.  Mr. Boyce had 45 days from January 7, 2011, until February 21, 2011, to seek an appeal under state law.  *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).  He failed to do so.  Mr. Boyce did not file any other postconviction motions in state court.

On January 12, 2012, 325 days after Mr. Boyce's deadline of February 21, 2011, to appeal from the denial of his Colo. R. Crim. P. 35(b) motion, he filed his habeas corpus application in this Court.  Therefore, 377 (52 + 325) days elapsed by the time Mr. Boyce initiated the instant action.  As a result, the instant action was filed after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas

corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  Mr. Boyce bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Boyce fails to assert any basis for equitable tolling.  *See* ECF No. 1 at 14. Therefore, under § 2244(d), Mr. Boyce is time-barred from filing a federal habeas

6

corpus action in this Court.  Because the action clearly is time-barred, the Court will refrain from addressing the issue of exhaustion of state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Boyce files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  11th  day of ____May_____, 2012.

BY THE COURT:

  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

7